UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN D. JACKSON,

      Plaintiff,

v.                 Case No. 19-cv-360-pp

CHRISTINE RUTHERFORD, *et al.*,

      Defendants.

---

## ORDER REQUIRING PLAINTIFF TO SUBMIT
## A CERTIFIED COPY OF HIS TRUST ACCOUNT STATEMENT

---

  On March 11, 2019, the plaintiff filed a complaint and an incomplete motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1, 2. The next day, the clerk's office mailed the plaintiff a letter informing him that, if he wanted to proceed without prepaying the filing fee, he had to file a complete motion (the clerk's office enclosed the necessary form) and a certified copy of his institutional trust account statement for the six months preceding the filing of his lawsuit. Dkt. No. 3.

  About two weeks later, on March 25, 2019, the plaintiff filed a complete motion for leave to proceed without prepayment of the filing fee, dkt. no. 5; however, he did not file a copy of his trust account statement. Instead, he filed a letter explaining that he had tried to get a copy of his trust account statement, but he was unable to do so. Dkt. No. 6. He made a similar representation in his motion to proceed without prepayment of the filing fee. Dkt. No. 5 at 4. He submitted a copy of a prisoner request form that he had

submitted to inmate accounts, asking for a copy of his trust account statement. Id. at 5. On the bottom of the request form is the note, "Your account bal[ance] is .4[8] we don't provide statement[s] anymore." Id. The note is initialed and dated March 19, 2019. Id.

The court's staff called the Milwaukee County Jail to determine whether the handwritten note on the bottom of the plaintiff's inmate request was correct. Jail personnel responded that the note is not correct; the jail routinely provides the court with certified copies of trust account statements at an inmate's request. According to the supervisor, an inmate must submit the appropriate request form to special projects. The supervisor stated that if an inmate has a problem locating the appropriate form or submitting it, he may ask a lieutenant for help.

The court will give the plaintiff additional time to submit a certified copy of his trust account statement. He must do so before the court will consider whether he may proceed without prepayment of the filing fee.

The court **ORDERS** that by **Friday, June 7, 2019**, the plaintiff to file a certified copy of his trust account statement covering the six-month period preceding the filing of his complaint. If the court does not receive either the trust account statement or an explanation from the plaintiff about why he could not provide it by June 7, 2019, the court will **dismiss this case** without prejudice and without further notice to the plaintiff based on his failure to diligently prosecute it. See Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . ., the court may

enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.")

Dated in Milwaukee, Wisconsin, this 16th day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**