UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JUSTIN D. JACKSON,

      Plaintiff,

      v.                                                             Case No. 19-cv-360-pp

CHRISTINE RUTHERFORD, LOUISE BRAY,
MICHAEL RUBLEC, and DANIEL KELLER,

      Defendants.

_____

**ORDER REQUIRING PLAINTIFF TO SUBMIT CERTIFIED COPY OF HIS TRUST ACCOUNT STATEMENT**
_____

      On May 16, 2019, the court issued an order, requiring the plaintiff to provide the court with a certified copy of his trust account statement by the end of the day on June 7, 2019. Dkt. No. 7. The order explained that, while the plaintiff had represented to the court that the Milwaukee County Jail no longer provided trust account statements, the court had contacted the jail staff and learned that this was not the case. Id. at 2. The court gave the plaintiff additional time to provide his trust account statement. Id. The court warned the plaintiff that if he did not provide the trust account statement by the end of the day on June 7, 2019, the court would dismiss the case for failure to diligently prosecute it. Id. The June 7, 2019 deadline has passed, and the court has not received the plaintiff's trust account statement.

      The court sent a copy of its May 16 order to the plaintiff at the Milwaukee County Jail, the address on the plaintiff's complaint. Because it did not receive the plaintiff's trust account statement, the court today checked the Wisconsin Department of Corrections' Offender Locator website and learned

1

that shortly after it issued its May 16 order—specifically on May 22—the plaintiff was transferred from the Milwaukee County Jail to Dodge Correctional Institution. https://appsdoc.wi.gov/lop. It is possible that the plaintiff did not receive his copy of the court's order. *The court advises the plaintiff that it is his responsibility to inform the court of any change of address.*

The court will give the plaintiff one final opportunity to provide a certified copy of his trust account statement. He must do so before the court will consider whether he may proceed without prepaying the filing fee.

The court **ORDERS** that by **July 1, 2019**, the plaintiff must file with the court a certified copy of his trust account statement covering the six-month period preceding the filing of his complaint. If the court does not receive either the trust account statement or an explanation from the plaintiff about why he could not provide it by July 1, 2019, the court will dismiss this case without prejudice and without further notice to the plaintiff based on his failure to diligently prosecute it. See Civil L.R. 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . ., the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.")

The court will send a copy of this order to the institution where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 10th day of June, 2019.

                                                **BY THE COURT:**

                                                _____
                                                **HON. PAMELA PEPPER**
                                                **United States District Judge**