UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN D. JACKSON,

    Plaintiff,

v.                                                                                  Case No. 19-cv-360-pp

CHRISTINE RUTHERFORD, LOUISE BRAY,
MICHAEL RUBLEC and DANIEL KELLER,

    Defendants.

---

## ORDER DISMISSING CASE FOR FAILURE TO DILIGENTLY PURSUE IT

---

On May 16, 2019, the court issued an order requiring the plaintiff to provide the court with a certified copy of his trust account statement by the end of the day on June 7, 2019. Dkt. No. 7. The order explained that, while the plaintiff had represented to the court that the Milwaukee County Jail no longer provided trust account statements, the court had contacted the jail staff and learned that this was not the case. Id. at 2. The court gave the plaintiff additional time to provide his trust account statement. Id. The court warned the plaintiff that if he did not provide the trust account statement by the end of the day on June 7, 2019, the court would dismiss the case for failure to diligently prosecute it. Id. The June 7, 2019 deadline passed without the court receiving the plaintiff's trust account statement. The court learned, however, that although it had sent the May 16 order to the plaintiff at the Milwaukee County Jail, and although he had not notified the court that he'd been transferred, the plaintiff had been moved to Dodge Correctional Institution on

1

May 22, 2019—*after* the court sent out its order. Dkt. No. 8 at 1-2. So the court gave the plaintiff *another* opportunity to provide his trust account statement; it issued a second order (mailed to the plaintiff at Dodge), telling him that if he didn't get the trust account statement to the court by the end of the day on July 1, 2019, the court would dismiss the case without prejudice and without further notice to the plaintiff. Id. at 2.

The plaintiff has not provided his trust account statement. The court will dismiss the case.

The court **ORDERS** that this case is **DISMISSED** for failure to diligently pursue it. See Civil L.R. 41(c).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 3rd day of July, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**